Doderidge, J.
As to the exception to the value of 12d. nothing appears, non refert. As to the matter of record. The Queen may seize lands, without any record. If return be made into the Exchequer that a man, is beyond the sea, and will not return, being commanded so to do, the Crown may seize his lands. And although the son cannot be heir during the life of his father; *the father may have an action de filio et hœrede.
Noy. The record ought to certify that the father is dead; otherwise the son is not in the covenant.
[On another day in T. T. the case was argued by Sir George *106 Crooke. pro. Quær. and Sir Thomas Crew, pro defendente. H. 1. Car. Noy pro Quær. and Serj. Hitcham pro defendente. P. 2 Car. Davenport pro Quær. and Crew, pro quærante, and]
Now it was argued by the court, viz. Whitlock. J. and Jones, J. pro defendente and Doderidge, J. and—p ro quærente.
As to the exception taken by Noy, that the ring may be of less value than 12d. and his case of the lessee for life, remainder for life, without impeachment of waste, it goes to both the estates. T. 3 Jac. rot. 1619. Brackenbury and Brack. One covenanted to make a conveyance in fee within two years, and that he should be bound in an obligation of £. 200 rationable premonition inde habita: it refers to both the clauses. Dyer 347. pl. 10. 5 E. 4. 127. There if there be to be given a horse and an ox of the value of 40s. it refers to both. But this objection was in a manner overruled by the court.
Doderidge, J.
There is a difference in the cases; for a horse or an ox hath no fixed value. But it cannot be intended that a ring should be of so small value as 12d. for it has a value in itself.
And the rest of the court assented.
As to the other exception taken by Noy: that Sir John Foscue returned that he gave a ring to Sir A. H. filio et hæred. apparenti, one of the feoffees, &c. it is bad, for he may be heir apparent, but not heir as appears by Littleton. P. 35. El. rot. 242. Audley brought debt against R. Newdigate, son and heir apparent to R. Newdigate, and counted on an obligation that the said R. Newdigate, bound himself and his heirs: The defendant pleaded rien per discent, and it was found against him: The plaintiff had judgment in the Common Bench which was reversed in this court. Although he comes in the pleadings and the special verdict, and at the time. of the tender he was heir, it matters not, for this verdict does not amend the certificate: It ought to be certain and supply the wants of an inquest of office, and in traverse cannot be taken upon it.
Doderidge, J.
If any record finds the title, the Crown is in, and it is well for the Crown.
Jones, J.
But it cannot, in this case, make the lease good.
Crew, C. J.
Certainly not. For to make the lease good, there ought to be a title in the Crown before the lease.
Damport, Serj. The proviso is dare deliberare vel offerre. The Queen made a patent to Sir John Foscue deliberare, but it is not said dare et deliberare: and a thing may be delivered without being given. For the delivery of a *thing does not alter the property; it may be countermanded: one may have detinue after it.
Sed non allocatur. For a delivery in this case, is a gift.
In respect to the exception taken by Noy, that it is a personal act as homage, or attornment, and cannot be made by attorney, because there is a personal act to be done. 32 H. 6. 22 H. 7. 27. 39 E. 3. 20. 50 Ed. 3. 6, 21 E. 3. 9. 43 E. 3. 30. In case of a person recluse by necessity, an attorney is to be admitted; likewise in the case of a woman pregnant. 4 and 3 P. M. But there in was ad placit. mater. pred. which was mentioned in the writ. But if a man makes a letter of attorney to a man to attorn for him, it is an attornment.
Whitlock, J.
The question is not so much about the tender, as whether the condition be forfeited? the ipso declarante is no more than the law implies; for a tender without a declaration does not operate. The tender is actus corporis et mutus actus; the declaration is the foul, the life of this corporal act. Verba sunt indices, animi. Et expressio eorum quæ naturaliter insunt vacua et inutil. In the case of a distress annexed to rent service, lease for years rendering rent at Michaelmass, and if be in arrear twenty days after, and lawfully demanded or personally, the lessor may distrain: yet the lessor may distrain before the 20 days are out. To this purpose the counsel for the defendant have cited the case of Cladon and Arrowsmith. Lessee for life, (provided that he should not lease, except determinably on his death) made a lease for 21 years, without expressing that it should determine on his death: it is a good lease. 45 E. 3. proviso, that if rent be arrear, the King’s' bailiff shall distrain: it is void for he shall distrain as my servant. Dyer 331. 4 Rep. 72. 8 Rep. Damport’s case. 1 Rep. Shelley’s case limitted to heirs male, and the heirs male of such heir male. There is this difference; when a thing is vested with an interest, it may be done by attorney; but not when it is a nude interest. Come's case 9 Rep. 33. E. 3. F. Trespass 333.
2. It is a rule that when a corporal act has two effects: the one proper (direct) and natural, the other improper (indirect) and legal; the act will not enure to the improper effect, without a declaration. Bract. lib. 2. Cap. 17. In *107 speaking of corporal acts and their effects: they have three parts: actus corporis, which is here the tender of the ring, actus animi the declaration and intention of avoiding the uses, adminiculum juris, the revocation of the uses, by the operation of the law on the tender. *Therefore riding on the land in hawking or hunting, is not a possession of it. Naturalis possessio est pedis possessio, but it is not civilis possessio, for it lacks actus animi. 43 E. 3. A delivery of the deed of feoffment on the land, without saying any things has no operation, but if he had said that it is to such a purpose, &c. or proviso, &c. it would have been well. Thoroughgood’s case. And it is so here, especially as the rent rises without entry, to the Queen and her heirs. [Nota that a springing use may be to a man attainted, and the attainder does not countermand a springing use; which was unanimously agreed to.]
3. This case turns on the general ground of the notice. For if here no declaration is made on the tender, the feoffee cannot know why it is made: perhaps the money is due to him. An estate shall not be defeated without notice. Dyer 354. Provided that if the feoffor tenders to the feoffees during his life, &c. tender without notice is not good. The bargainee of the reversion shall not enter on lessee without notice. 3 Rep. The lessor accepts rent without notice of the assignee; yet he may enter. So it seems to me the tender is the principal, the declaration the accessary. Et accessorium sequitur suum principale. The proviso of the tender of the ring is so forfeited. Ergo, so must be the declaration of the intention of the tender. Quid quis per seipsum, per alium potest in civil acts, but not in natural ones. The tender is a civil act. Comb’s case. 9 Rep. Here without a declaration the time is uncertain; the thing, a ring, or &c. the person the feoffees or their heirs. Ergo there is a great necessity that a declaration should accompany the act. There are but two cases in
which the conditions are inseparable from the person, and cannot be forfeited by statute. In Englefield’s case the condition was not forfeited, because the proviso then was that if his nephew becomes prodigal or vicious, &c. as Crew, C. J. said, Jura civilia non dirimunt naturalia: the other case is when the act is individually annexed to the person, as to write with one’s own hand: as in the Duke of Norforlk’s case 7 Rep. But here the tender of the ring is not such.
Jones, J.
Heir apparent &c. in the return is well *108 enough; for it is secundum formam. The sheriff returned two garnishees, which ought to have several garnishments; yet as he laid secundum exigentiam brevis, it was held well enough. But to the main point: The first part of the condition may be limited to a stranger, but the benefit of the penalty to none but the feoffor. 33 H. 8. The entry upon condition is given to the Crown, why should not the rent follow? *5 Rep. Mallorie's case. The conusee of a fine, before attornment bargained and sold: the bargainee shall not distrain without attornment because the conusee could not. So if the tender be limited to the Chief Justice, the King shall not have it; but on performance he shall have the advantage of it by entry. If there be lessee for life, or condition to have the fee or tender of a ring, and he be attainted of treason: this shall not be forfeited to the King, because it is annexed to the privity of the estate.
To the forfeiture of the condition in this case, these objections have been made. 1. Because it is, if he the said Shelley do tender. Clearly if it is only a render, it shall be forfeited. As to Comb’s case, that he cannot make a lease of land by attorney, I agree. But here it is not a lease of the land, but a declaration of the first use, and the lessee is in by the original agreement, or the first feoffment, as in Whitlock's case, 8 Rep.
2. The second objection is, that after the attainder, Gulielm Shelley might have performed the condition. I admit this: but the King also may, as in Littleton. Feoffment on condition, that if the feoffee pay; the first or second feoffee may pay. But I say that the condition is forfeited, and Gulielm Shelley cannot perform it; because it transferred from him, aliter when the condition is personal.
3. The third objection (ipso declarante) is no more than the law implies. 22 Eliz. Gresham’s case. 3 Jac. in Scaccario, Clinch, Church and Williams case, the case was: the Abbot of Strata Marcell made a lease, rendering rent on condition, that if the rent be in arrear and faithfully demanded, &c. the lessor may reenter the reversion came to the Crown, the rent being in arrear, the King entered, and adjudged well; because the demand is no more than the law implies, and the judgment was affirmed oil a writ of error in the Exchequer, But if in this case it had been, that in case the said Gulielm Shelley should declare; perhaps it would not have been forfeited; because it would have been annexed to the person.

*109
Doderidge, J.

e contra. I grant that if the act was not personal, it shall be forfeited to the King, and that a declaration ought to accompany every tender, but here is a special declaration, annexed in another manner, than the law annexes it. In Englefield’s case, Englefield allowed that any one might render for him, for there it is, if he or any one for him. But here it is ipso declarante which is personal. If the lessor annexes a special circumstance in the cause of distress it ought to be observed: Justice Jones allows it, if he had said that he himself should declare: and here participium presentis temporis indicativi modi dissolvitur in verbum presentis subjunctivi. 27 H. 8. * Dockray’s case. If a lease be on condition, that B. being his son and heir and he shall declare; it is the same as if he had had when B. shall be my son and heir. Likewise, on condition that my wife being a widow, is like when, my wife shall be a widow. There is a difference between individual, and general acts. Comb’s case. If a copyholder surrenders in court, it may be done by attorney, but not if our court, for out of court, it is a particular act, 33 E. 3. F. Annuity 5. Annuity granted until he be preferred to a benefice by the grantor, is a general act.
2. Election is a personal thing. As Whitlock, J. has said, the mind of every man is annexed to his person. Dyer 28. Here Gulielm Shelley had an election of the thing to be tendered, and of the person to whom it was to be rendered. If I give B. acre and W. acre to I. S. habendum the one for life and the other in fee, and he be attainted of treason, the King shall not make his election. Farther if Gulielm Shelley had given the ring in the hand of another, and had declared to what intention he (the other) should tender it; it would have been as well.
Crew, C. J.
I agree with my brother Doderidge. When the limitation is generally that it shall be declared, the law implies it. But when the party himself is to declare, it is otherwise. It has been adjudged that if an Abbot make a lease on condition, that the lessee shall not alien, without the assent of the Abbot; this condition shall not go to the Grown by the dissolution. Here the performance of the condition ought to be by Gulielm Shelley himself; and both parts must be done at one time. I conclude for the plaintiff, postea, p. 24 and 69. Jones 134. Bendl. 139. Noy 20. 79. Roll. 393 7. Co. 11. 6. Ow. 17. 119. 1 Sand. 60. Poph. 105. 1 Cr. 461.